IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES L. ROBINSON, #121 865, )
)
Petitioner, )
)
v. ) CIVIL ACTION NO. 1:13-CV-691-WHA
) [WO]
)
)
MARY COOKS, WARDEN, *et al.*, )
)
Respondents. )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 28 U.S.C. § 2241 petition for habeas corpus relief filed on September 18, 2013, by Petitioner James L. Robinson, a state inmate.[1] He challenges the constitutionality of his confinement under sentences imposed upon him by the Circuit Court of Houston County, Alabama, on May 4, 1999. Petitioner claims he finished service of the 1999 sentences on January 10, 2010, following entry of an order by Judge Lawson Little purportedly granting Petitioner's request for time served which he claims "end[ed] all cases Houston and Henry County, Alabama." Doc. 1 at 3; *see also* Doc. 9.

Respondents filed an answer to the petition, and amendment thereto, under Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*, in which they contend that

---

[1] Although the Clerk stamped the instant habeas petition "received" on September 24, 2013, a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). The petition indicates that Petitioner presented the petition to prison officials for mailing on September 18, 2013. Doc. #1 at 10. In light of the foregoing the court considers September 18, 2013, as the date of filing.

Petitioner is entitled to no relief on the issues presented. Doc. 13. Petitioner took advantage of the opportunity granted to respond to Respondents' answer. Docs. 25, 26, 27, 29. After reviewing the petition, amendment thereto, Respondents' answer, and Petitioner's responses, the court concludes that no evidentiary hearing is required, and that the petition and amendment thereto are due to be denied and dismissed as discussed below.

## II. DISCUSSION

### A. Styling This Action as 28 U.S.C. § 2241 Habeas Petition

To the extent Petitioner seeks review of his claims under 28 U.S.C. § 2241, the court finds the petition is properly considered filed under 28 U.S.C. § 2254. *See Malloy v. Riley, et al.*, Civil Action No. 4:02-79-IPJ (N.D. Ala. 2003), 82 F. App'x 222 (Aug. 26, 2003). In *Malloy*, the petitioner, a state inmate, filed a habeas petition under 28 U.S.C. § 2241 claiming interference with his ability to obtain a sentence reduction under *Ala. Code* § 13A-5-9.1. The district court considered the petition as one filed under 28 U.S.C. § 2254 and summarily dismissed it as successive under 28 U.S.C. § 2244(b)(3)(A). On appeal, the Eleventh Circuit affirmed the summary dismissal and held "that state prisoners seeking to challenge their sentence must proceed under § 2254 and may not invoke § 2241." *Malloy v. Riley, et al.*, Civil Action No. 4:02-79-IPJ (N.D. Ala. 2003), 82 F. App'x 222 (Aug. 26, 2003) - Doc. 23 at 3. *See also Cook v. Baker, et al.*, 139 F. App'x 167, 169 (11th Cir. 2005) ("[E]xclusive remedy for [state prisoner's] claim is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254 since his claim challenges the propriety of his . . . sentence, as well as the execution of his sentence[.]"). Accordingly, the instant petition is considered filed under 28 U.S.C. § 2254 and is subject to the procedural requirements of the statute.

**B. Res Judicata**

Petitioner claims that on May 4,1999, he was sentenced to a “coterminate term” with sentences previously imposed on him by the Circuit Courts for Houston and/or Henry Counties resulting in termination of all of those sentences upon completion of a twenty-five-year term of imprisonment imposed on him by the Circuit Court for Houston County in criminal case CC-88-125. To support his contention that the “coterminate” sentences ended at the same time the sentence imposed in CC-88-125 ended, Petitioner states he was released on parole in October 2009 and subsequently filed a motion in the Circuit Court for Houston County on January 10, 2010, requesting entry of an order granting him time served on all sentences imposed on him by the Circuit Courts for Houston and/or Henry Counties. Petitioner maintains Judge Little granted his request for time served on January 10, 2010, “thereby ending all cases.” Petitioner asserts the State did not contest the order. In December 2010, Petitioner was arrested and returned to prison. He argues his current detention is illegal, however, because the State of Alabama has no evidence indicating he had any additional time left to serve because “all five May 4, 1999 sentences ended with CC 88-125” because those sentences were ordered to run “coterminate” with the twenty-five-year term imposed in CC 88-125 and for which Judge Little granted time served. Doc. 1 at 2-10; *see also* Docs. 9, 24, 25, 26, 27, 29.

The court takes judicial notice of its own records which reflects Petitioner filed a habeas petition under 28 U.S.C. § 2241 with this court in which he presented the same issue for review as he presents in this action.[2] *See Robinson v. Womble*, *et al.*, Civil Action No. 1:14-CV-211-MHT

---

[2] This court may take judicial notice of its own records and the records of other federal courts. *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987); *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999)

(M.D. Ala. 2014). That is, Petitioner challenged the validity of his confinement on the same ground as he presents in the instant petition and this court adjudicated the claim adversely to him. *Id*. at Docs. 4, 8, 9. Specifically, Petitioner argued:

> [T]he terms of the sentence imposed upon him by the trial court on May 4, 1999 required that he merely serve "15 years of the 25 ..., to coterminate with CC-1988-125 [thereby necessitating only service of] the time Robinson had remaining under CC-1988-125" and, "without any jail credit and or any orders of Judge C. Lawson Little," termination of all sentences occurred on July 5, 2013. . . . In support of this claim, Robinson alleges that the trial court in issuing the 1999 sentences could not impose "a 15 year concurrent and a 10 year consecutive term" in a single sentence and, hence, he was required to serve only the concurrent portion of these sentences. . . . Robinson further argues that he is illegally imprisoned "after [being] granted full freedom on January 10, 2010" upon issuance of the order by Judge Little in the 1988 burglary case.

*Robinson v. Womble, et al*., *supra –Recommendation of the Magistrate Judge* – Doc. 4 at 5-6.

This court determined Petitioner's claim entitled him to no relief. Specifically, this court found:

> A review of the records of this court establishes that Robinson filed a previous habeas petition pursuant to the provisions of 28 U.S.C. § 2254 in which he challenged the convictions and sentences imposed upon him by the Circuit Court of Houston County, Alabama on May 4, 1999. *Robinson v. Reynolds, et al*., Civil Action No. 1:08-CV-377-MHT-WC (M.D. Ala. 2010). In this prior habeas action, the court denied Robinson relief from his 1999 Houston County convictions/sentences because he failed to file the petition within the one-year period of limitation established by 28 U.S.C. § 2244(d)(1). Robinson did not appeal this judgment.
>
> Robinson did, however, file a motion for relief from judgment under Rule 60(b), Fed.R.Civ.P., attacking the final judgment of the court. In this motion, Robinson raised the same coterminous sentence argument as presented herein. The District Judge issued an opinion and order denying this motion which reads, in pertinent part, as follows:
>
>> [Robinson's] argument[s] ... [challenging his incarceration] hinge[] on the following patently erroneous factual assumptions: (1) the 1988 burglary sentence and the 1999 sentences ran concurrently during the entirety of his incarceration on the 1988 sentence, including time served prior to his 1999 convictions; and (2) the order with regard to the 1988 burglary sentence addressed the 1999 sentences imposed against him....

> (The argument[s] ... [are] likewise without merit as the record demonstrates that only the initial 15 years of the 1999 sentences were to run concurrent with the time Robinson had yet to serve on the 1988 sentence. Furthermore, Robinson served the sentences concurrently only during the time that he was incarcerated pursuant to both the 1988 and 1999 sentences. That is, Robinson was not entitled to credit on his 1999 sentences for time served on the 1988 sentence prior to imposition of the 1999 sentences. Additionally, even allowing Robinson credit for all concurrent time served, once the 1988 sentence terminated, either by actual expiration of the sentence or an order granting time served, the remaining term of the 25-year sentences imposed upon Robinson in 1999 remained in full force and effect. Finally, the order issued with regard to the 1988 burglary sentence granting Robinson's request for time served did not reference or address any other sentence and, therefore, did not impact the remaining time of 25 years of the 1999 sentences.")

*Robinson v. Reynolds, et al., supra -- July 8, 2013 Opinion and Order – Doc. No. 30* at 3-5.

Additionally, in a 42 U.S.C. § 1983 action filed by Robinson seeking relief from his 1999 sentences on the coterminous ground, the court noted that:

> . . . [U]nder well established law the [Circuit Court of Houston County, Alabama in imposing sentence upon Robinson in May of 1999] had no authority to "back-date" the commencement of Robinson's 1999 sentences by having these sentences commence the same date as his pre-existing sentence imposed in CC-88-125. First, a criminal defendant's sentence begins to run, at the earliest, upon his being held in custody for the offense in question. Ala. Code § 14-4-9 (1975) ("When it is specifically ordered in the judgment entry that sentences shall run concurrently, such sentences shall run from the date on which such convict is received ... for service of the [imposed] sentence."). Moreover, "[a] sentence cannot commence prior to the date it is pronounced even if it is to be concurrent to a sentence already being served." *Wilson v. Henderson*, 468 F.2d 582, 584 (5th Cir. 1972); *United States v. Fiores*, 616 F.2d 840, 841 (5th Cir. 1980) (same). Thus, the concurrent sentences imposed against Robinson on May 4, 1999 could not begin to run, concurrently with any prior sentences or otherwise, prior to their imposition.

*Robinson v. Moulton, et al.*, Civil Action No. 3:13-CV-766-WHA-WC (M.D. Ala. 2014), *Recommendation of the Magistrate Judge - Doc. No. 4* at 5-6, n.5, adopted as opinion of the court, *Order of January 9, 2014 - Doc. No. 13*. Consequently, under the precise terms of the sentences imposed by the trial court on May 4, 1999,

> these sentences began to run on that date and ran concurrently with other prior sentences for only the first 15 years leaving the remaining 10 years to be served consecutively to the other sentences. As the court previously determined, "Robinson served the [1999 sentences concurrently with the 1988 sentence] only during the time that he was incarcerated pursuant to both the 1988 and 1999 sentences. That is, Robinson was not entitled to credit on his 1999 sentences for time served on the 1988 sentence prior to imposition of the 1999 sentences. Additionally, even allowing Robinson credit for all concurrent time served, once the 1988 sentence terminated, either by actual expiration of the sentence or an order granting time served, the remaining term of the 25-year sentences imposed upon Robinson in 1999 remained in full force and effect." *Robinson v. Reynolds, et al., supra -- July 8, 2013 Opinion and Order - Doc. No. 30* at 4-5.

*Robinson v. Womble, et al., supra –Recommendation of the Magistrate Judge* – Doc. 4 at 6-8.

The foregoing reflects this court decided the claim for relief presented by Petitioner in the instant petition adversely to him. Under well settled federal law,

> [t]he preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as "res judicata." Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001). Issue preclusion, [often denoted as "collateral estoppel",] in contrast, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim. *Id*., at 748-749, 121 S.Ct. 1808. By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," these two doctrines protect against "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-154, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979).

*Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S.Ct. 2161, 2171 (2008).

"Our res judicata analysis has always required a consideration of the facts and legal theories of two causes of action as well as the rights and duties involved in each case." *Draper v. Atlanta Indep. Sch. Sys.,* 377 F. App'x 937, 940 (11th Cir. 2010) (*citing Manning v. City of Auburn*, 953 F.2d 1355, 1359 (11th Cir. 1992)). "We have consistently concluded that when the substance and

facts of each action are the same, res judicata bars the second suit." *Id*. In *I.A. Durbin, Inc. v. Jefferson National Bank*, 793 F.2d 1541 (11th Cir. 1986), the Court summarized the doctrine of res judicata as follows:

> Res judicata . . . refers to the preclusive effect of a judgment in foreclosing relitigation of matters that were litigated or could have been litigated in an earlier suit. . . . In order for the doctrine of res judicata to bar a subsequent suit, four elements must be present: (1) there must be a final judgment on the merits; (2) the decision must be rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases.

*Id.* at 1549 (citations omitted). Each of the requisite elements for application of the bar of res judicata are present in this case. Based on the decision of this court in *Robinson v. Womble, et al.*, Civil Action No. 1:14-CV-112-MHT-WC (M.D. Ala. 2014), denying Petitioner's challenge to the legality of his detention regarding his 1999 convictions and sentences, the court concludes that the instant petition wherein Petitioner seeks the same habeas relief is precluded from review by the doctrine of res judicata.

**D. Dismissal of Petition as Successive**

This court dismissed Petitioner's prior habeas action challenging the convictions and resulting sentences imposed against him in May of 1999.[3] Although the court dismissed the petition on statute of limitations grounds, such dismissal constitutes an adjudication on the merits

[3] In *Robinson v. Reynolds, et al.*, Civil Action No. 1:08-CV-377-MHT-WC (M.D. Ala. 2010), Petitioner challenged convictions/sentences entered against him on May 4, 1999. The record in Civil Action No. 1:08-CV-377-MHT establishes that on the aforementioned "date, the trial court sentenced Robinson to twenty-five years imprisonment as a habitual offender and did not suspend any portion of the sentences imposed. *Respondents' Exhibit – Court Doc. No. 16-3* at 21, 62-63. The trial court did, however, order that a portion of the sentences imposed for the challenged convictions run concurrent with other prior convictions [including a 25-year sentence imposed upon Robinson for a burglary conviction in CC-88-125]. *Id*. (Robinson [was] sentenced to imprisonment in the penitentiary for a 'term of 25 years under [Habitual Felony Offender Act], fifteen years thereof to run concurrent with' sentences imposed in previous cases.)." *Robinson v. Reynolds, et al., supra -- Recommendation of the Magistrate Judge* - Doc. 26 at 1-2, adopted as opinion of the court, *Order of April 7, 2010* - Doc. 27.

for the purposes of invoking the second or successive requirements of 28 U.S.C. § 2244(b)(3). *Jordan v. Secretary, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007) (requiring petitioner to obtain order from appellate court prior to filing second or successive § 2254 petition after first habeas petition was dismissed as untimely); *Hutcherson v. Riley*, 468 F.3d 750, 755 (11th Cir. 2006) (after failed, untimely § 2254 petition, petitioner must "satisfy the requirements under 28 U.S.C. § 2244(b)" to receive requisite authorization from appellate court to file successive habeas petition in district court); *Murray v. Grenier*, 394 F.3d 78, 81 (2nd Cir. 2005) ("[D]ismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders [any] future petitions under § 2254 challenging the same conviction 'second or successive' petitions...."); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (previous § 2254 petition dismissed as untimely constitutes a prior application adjudicated on the merits "because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the ... substantive claims[,]" and, therefore, the petitioner needs the appellate "court's permission to file another petition."); *Villanueva v. United States*, 346 F.3d 55, 59-61 (2d Cir. 2003) ("[A] habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes."); *Garrett v. Quarterman*, 2008 WL 2168808 (N.D. Tex. 2008) (dismissal of previous habeas petition as untimely is the type of procedural ruling that renders later-filed habeas petition successive); *Motley v. Sullivan*, 2008 WL 938952 (N.D. Cal. 2008) (when previous habeas petition is dismissed as untimely, petitioner must first obtain permission from appropriate appellate court prior to filing a second or successive petition); *Bridgewater v. Scriben*, 2007 WL 2262760 (S.D. Cal. 2007) (dismissal of prior habeas petition as untimely renders subsequent petition challenging same conviction second or successive); *Reyes v. Vaughn*, 276 F. Supp.2d 1027, 1029

(C.D. Cal. 2003) (dismissal of petition on limitations grounds "is considered an adjudication of the merits for purposes of determining whether a petition is successive under [28 U.S.C. § 2244(b)].").

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (C).

It is clear from the pleadings that Petitioner has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive habeas application seeking relief from the 1999 convictions and sentences. "Because this undertaking [is Petitioner's] [successive] habeas corpus petition [on this issue] and because he had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Bd. of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, the present petition for habeas corpus relief is due to be dismissed as an unauthorized successive petition. *Id*. at 934.

**III. CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas relief filed by Petitioner James Robinson be DENIED as the issue in this petition was previously decided adversely to Petitioner by this court in *Robinson v. Womble, et al.*, Civil Action No. 1:14-CV-112-MHT (M.D. Ala. 2014);
2. To the extent Petitioner challenges his convictions and sentences entered against him by the Circuit Court for Houston County in May of 1999, the petition be DISMISSED under 28 U.S.C. § 2244(b)(3)(A) as Petitioner has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive habeas application.
3. This case be DISMISSED with prejudice.

It is further

ORDERED that **on or before June 1, 2016**, the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the District Court.

Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

Done this 18th day of May, 2016.

/s/ Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE